RONALD L. RICHMAN, SBN 139189
**BULLIVANT HOUSER BAILEY PC**
601 California Street, Suite 1800
San Francisco, CA  94108
Telephone:	(415) 352-2700
Facsimile:	(415) 352-2701
E-Mail: ron.richman@bullivant.com

SUSAN GROGAN FALLER *PRO HAC VICE*
**FROST BROWN TODD LLC**
2200 PNC Center
201 East Fifth Street
Cincinnati, OH  45202
Telephone:	(513) 651-6941
Facsimile:	(513) 651-6981
E-mail: SFaller@fbtlaw.com
*Attorneys for Third-Party Defendant
Cincom Systems, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL EQUIPMENT LEASING COMPANY, LLC<br><br>Plaintiff,<br><br>v.<br><br>FIFTH THIRD LEASING CO.,<br><br>Defendant.<br><br>v.<br><br>CINCOM SYSTEMS, INC.,<br><br>Third-Party Defendant. | Case No.:  C 06 7584 (JSW)<br><br><br><br><br><br>**STIPULATION AND [PROPOSED] ORDER TO KEEP CONFIDENTIAL CERTAIN MATERIALS PRODUCED BY CINCOM SYSTEMS, INC.** |

WHEREAS pretrial discovery in this action may involve the disclosure of confidential commercial information of Cincom Systems, Inc. ("CSI") from which discovery is sought; and

WHEREAS the parties have in good faith agreed upon the terms of a Confidentiality Stipulation and Order to maintain the confidentiality of confidential commercial information,

1

for good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), and subject to the approval of the Court.

NOW, THEREFORE, the Parties stipulate to the following Confidentiality Stipulation and Order ("Confidentiality Stipulation and Order" or "this Order"), and subject to the approval of the Court, to govern the use of documents in all proceedings; in the above-captioned action.

1. <u>Designated Material</u>.  Any information or material produced in discovery in this action and any such material lodged with the Court following the date the parties entered into this Stipulation and Order that falls within the scope of paragraph 2 of this Confidentiality Stipulation and Order may be designated as CONFIDENTIAL by CSI when produced or lodged.  All such information and material and all information or material derived from it constitutes "Designated Material" under this Order.  The designation may be made for the purposes of protecting proprietary information and confidential business and financial information relating to CSI's business, as described below.

2. <u>Criteria for Designation as CONFIDENTIAL</u>.  CSI may designate documents, discovery responses, testimony, or information as "CONFIDENTIAL" if the documents, discovery responses, testimony or information embody: (a) sensitive, competitive or other confidential business information of CSI or one of its customers including, without limitation, confidential license agreements, business strategies, computer code, and manuals; (b) sensitive financial information of CSI or one of its customers including, without limitation, budgets, financial statements, profit and loss summaries, and accountant's computations; (c) sensitive product information of CSI or one of its customers including, without limitation, confidential specifications and designs; (d) sensitive marketing or customer information of CSI or one of its customers including, without limitation, current and/or future business plans or business relationships with third parties; (e) sensitive personal information of a financial, medical or

2

similar nature; or (f) documents embodying sensitive information belonging to third parties for which CSI has an obligation to maintain as confidential.

    3.    <u>Access to Designated Material</u>.  Designated Material shall be used solely in connection with the prosecution or defense of the claims in this litigation and not disclosed for any other purpose, including to other parties involved in litigation against the parties.

    4.    <u>Disclosure of Designated Material</u>.  Material designated as "CONFIDENTIAL" may be disclosed only as follows:

    a.    <u>Parties/Insurance Carriers</u>.  Material designated "CONFIDENTIAL" may be disclosed to those officers, directors, members, and/or employees of parties or insurance carriers for parties to this action who have agreed in writing to be bound by this Confidentiality Stipulation and Order.  A copy of the form "Confidentiality Agreement" which they will sign for this purpose is attached hereto as Exhibit "A".

    b.    <u>Counsel</u>.  Material designated "CONFIDENTIAL" may be disclosed to in-house counsel (including their legal associates and regularly employed office staff) and outside counsel of record for parties to this action, their legal partners, of counsel, associates, contract attorneys, legal assistants, case clerks, office staff, and commercial litigation support services, such as copy centers, outside court reporting services, and court reporters.

    c.    <u>Consultants and Experts</u>.  Material designated "CONFIDENTIAL" may be disclosed to consultants, experts, and their office staff who have been retained or designated by any party or counsel for any party for the purposes of this litigation and who have agreed in writing pursuant to Exhibit A to be bound by this Confidentiality Stipulation and Order; provided, however, that this shall not result in the disclosure of litigation consultants or testifying experts in the absence of any requirement that such

consultant or expert be designated pursuant to the Federal Rules of Civil Procedure. Rather, counsel for the party retaining such consultants or experts will keep the signed Exhibit A for each in its files unless and until designation or court order.

   d. <u>Court Personnel</u>.  Material designated "CONFIDENTIAL" or lodged with a Court may be disclosed to and viewed by appropriate court personnel as necessary without the need of further order of this Court.

   e. <u>Authors and Addressees</u>.  Material designated "CONFIDENTIAL" may be disclosed to any person who appears as an author or addressee on the face of the document or who received a copy of the document.

   f. <u>Witnesses at Deposition or Trial</u>.  Material Designated "CONFIDENTIAL" may be disclosed to any fact, party or expert witness at deposition or at trial, provided that the witnesses shall not be permitted to retain copies of such material or documents containing Confidential information unless they have agreed to be bound by this Confidentiality Stipulation and Order pursuant to Exhibit A.

   g. <u>Other Persons</u>.  All Designated Material may be disclosed to other persons who are subsequently designated by agreement of the parties or by order of the Court upon motion by a party, if they have a need for the material and agree to be bound by this Confidentiality Stipulation and Order pursuant to Exhibit A.

5. <u>Copies</u>.  Copies, extracts, and summaries may be made by or for the persons identified in paragraph 4, provided that all copies, extracts, and summaries are appropriately marked in accordance with paragraph 7.  All copies, extracts, and summaries are subject to this Confidentiality Stipulation and Order.

4

6. <u>Custody of Designated Materials</u>. Designated Material may not leave the custody of the persons identified in paragraph 4. A person having custody of any Designated Material shall maintain it in a manner that reasonably limits its access only to qualified persons.

7. <u>Designating Documents</u>. Documents shall be designated "CONFIDENTIAL" and shall have each page of all such documents and exhibits marked as such. The documents shall be marked prior to production. Designated Material not reduced to documentary, tangible, or physical form, or that cannot conveniently be designated in a manner described herein, shall be designated by CSI by informing the receiving party in writing that the material is designated "CONFIDENTIAL" pursuant to this Confidentiality Stipulation and Order.

8. <u>Designating Depositions.</u>

a. If a present or former employee of CSI or expert is being deposed, CSI may designate the transcript or portions thereof before the testimony is recorded, in which case the transcript of the designated testimony shall be bound in a separate volume and marked by the reporter, as CSI may direct. CSI, as the party seeking CONFIDENTIAL treatment, shall make reasonable efforts to limit the designation of material to only those portions of the testimony that are "CONFIDENTIAL" within the scope of paragraph 2 of this Confidentiality Stipulation and Order. However, if a deposition transcript or portion thereof contains repeated references to Designated Material which cannot be conveniently segregated from non-designated material, CSI may request that the entire transcript or portion thereof be maintained as CONFIDENTIAL.

b. When CSI designates testimony as CONFIDENTIAL at a deposition, CSI may exclude from the deposition all persons other than parties, court reporters and

5

videographers, and those to whom the Designated Material may be disclosed under paragraph 4 of this Order.

      c.    Any party may mark Designated Material as a deposition exhibit and examine any witness thereon, or examine any witness about Designated Material, provided that the deposition exhibit and related transcript pages are designed as CONFIDENTIAL.

    9.    <u>Designations to be Reasonable</u>.  CSI will be diligent and in good faith avoid designating any documents or information as "CONFIDENTIAL" that does not fall within the scope of paragraph 2 of this Confidentiality Stipulation and Order.

    10.    <u>Costs Attributable to Designation</u>.  CSI shall bear the cost attributable to the designation under this Confidentiality Stipulation and Order of any document or information as confidential, if any, for deposition transcripts or portions thereof.  These costs include those additional costs borne by other parties in this litigation in ordering, copying and/or obtaining copies of documents, information or deposition transcripts which would not otherwise be incurred were the relevant documents, information or deposition transcripts not designated as "CONFIDENTIAL" under this Confidentiality Stipulation and Order.

    11.    <u>Objections to Designation</u>.  Any party may challenge the propriety of any designation under this Order at any time.  All parties shall then meet and confer in good faith regarding the challenged designation.  If the parties are unable to resolve the disagreement, a challenge may be made by serving on all parties a captioned notice of objection, which shall identify with particularity the materials as to which the designation is challenged, state the basis for each challenge, and propose a new non-confidential designation for each item.  CSI shall have the burden of establishing the propriety of the challenged designation.  The challenged material shall lose its designation and be deemed re-designated as non-confidential unless,

within 10 days after service of the Notice of Objection, CSI has filed and served a motion for a protective order to maintain the original designation. If CSI files a timely motion for a protective order, the original designations shall remain effective until notice to all parties of an order re-designating the materials non-confidential.

12.     No Prejudice.

    a.     Nothing in this Confidentiality Stipulation and Order shall preclude any party from seeking and obtaining additional or different protection with respect to any documents or information produced in discovery.

    b.     This Confidentiality Stipulation and Order shall not prevent a disclosure to which CSI consents in writing before the disclosure takes place, or pursuant to Court Order.

    c.     Unless all parties stipulate otherwise, evidence of the existence or nonexistence of a designation under this Confidentiality Stipulation and Order shall not be admissible for any purpose during any proceeding on the merits of this action, but shall in no way limit the ability of any party to use documents, information, deposition transcripts or any other materials marked as "CONFIDENTIAL" in this action at trial or in hearings in this action; provided, however, that no party may use documents, information, deposition transcripts or portions thereof or any other materials marked as "CONFIDENTIAL" at trial or hearings without giving CSI advance notice and the opportunity to object and make a request to the court that such documents, information, deposition transcripts or portions thereof or any other materials marked as "CONFIDENTIAL" not be used in open court or admitted into evidence.

  d. No party may file any documents, information, deposition transcripts or portions thereof or any other materials marked as "CONFIDENTIAL" except in accordance with the procedures for sealing documents outlined in Civil Local Rule 79-5.

  e. The designation of information as "CONFIDENTIAL" pursuant to this Confidentiality Stipulation and Order shall not be construed as a concession by CSI that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, a trade secret or confidential commercial information.

  f. CSI may separately seek by stipulation or court order to make late designations of material entitled to protection under this Confidentiality Stipulation and Order if the party failed to make a timely designation through mistake or inadvertence.

13. <u>Error in Designation</u>.  The inadvertent or unintentional production of documents containing, or otherwise disclosing, private, proprietary or secret information without being designated "CONFIDENTIAL" at the time of production or disclosure shall not be deemed a waiver in whole or in part of CSI's claim of confidentiality or secrecy, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Any error in designation shall be corrected within a reasonable time after CSI becomes aware of the error.

14. <u>Final Disposition</u>.  Upon termination of this action, all Designated Material and all copies, extracts, and/or summaries thereof shall be returned to the producing party, destroyed or retained by counsel solely for archival purposes.

15. <u>Modification and Survival</u>.  The restrictions imposed by this Confidentiality Stipulation and Order may only be modified or terminated by written stipulation of all parties,

by stipulation read into a court record or deposition record, or by order of this Court. This Confidentiality Stipulation and Order shall survive termination of this action.

16.     <u>Restrictions</u>.  Nothing in this Confidentiality Stipulation and Order shall impose any restriction on the use or disclosure by a party of its own information or documents, or of information or documents obtained independently without violation of this Order.

17.     <u>Binding Effect</u>.  As among the parties and their counsel, this Confidentiality Stipulation and Order shall take binding effect upon execution by counsel for the parties, but subject to any modifications and/or approval by the Court.

Dated: March ___, 2008

          **FROST BROWN TODD LLC**

          By: /s/ Susan Grogan Faller
          Susan Grogan Faller, *PRO HAC VICE*

          Ronald L. Richman
          **BULLIVANT HOUSER BAILEY PC**
          *Attorneys for Third-Party Defendant*
          *Cincom Systems, Inc.*

DATED: March ____, 2008

          **DINSMORE & SHOHL LLP**

          **By:**/s/ Seth A. Schwartz via e-mail approval
          Jeffrey P. Hinebaugh, Esq.
          Seth A. Schwartz, Esq.

          Matthew G. Ball, Esq.
          Leah G. Shough, Esq.
          **KIRKPATRICK & LOCKHART PRESTON GATES ELLIS, LLP**
          *Attorneys for Defendant/Third-Party Plaintiff,*
          *Fifth Third Leasing Company*

DATED: March ____, 2008

          **FARELLA BRAUN & MARTEL LLP**

          By: /s/ Kelly A. Woodruff via e-mail approval
          Kelly A. Woodruff, Esq.
          David J. Lazerwitz, Esq.
          Laura C. Roche, Esq.
          *Attorneys for Plaintiff, Universal Equipment Leasing Company, LLC*

IT IS SO ORDERED.

DATED: March 18, 2008

_____
Hon. Jeffery S White, JUDGE

11

**EXHIBIT A**

# CONFIDENTIALITY AGREEMENT

      I, _____, have read the Confidentiality Stipulation and Order dated _____, in the case of *Universal Equipment Leasing Company, LLC v. Fifth Third Leasing Company*, Case No. C 06 7584, pending in the United States District Court for the Northern District of California, San Francisco Division. In consideration of my participation in the case and/or the preparation for the case, and for other good and sufficient consideration, the receipt and sufficiency of which I acknowledge, I agree to the following. I agree to be bound by its terms with respect to any "CONFIDENTIAL" documents, testimony, materials, or other information that are furnished to me as set forth in the Confidentiality Stipulation and Order.

      I agree that such "CONFIDENTIAL" documents, testimony, materials, or other information received by me shall be used solely for the purpose of this litigation may be disclosed to or discussed with only those persons authorized by the Confidentiality Stipulation and Order to receive such information.

      I agree to return on request all "CONFIDENTIAL" documents, testimony, or other information to the persons who furnished me with the "CONFIDENTIAL" documents, testimony, materials, or other information, and I agree to keep any extracts and summaries thereof or notes that I have prepared relating thereto Confidential in accordance with the terms of this Confidentiality Stipulation and Order.

      I consent to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcing this Confidentiality Agreement and/or my obligations under the Confidentiality Stipulation and Order.

      I declare under penalty of perjury under the laws of _____ and the United States of America that the foregoing is true and correct.

DATED:                                          _____
                                                                      Signature of Declarant