IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL EQUIPMENT LEASING COMPANY, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>FIFTH THIRD LEASING CO.,<br><br>    Defendant.<br>_____/ | No. C 06-07584 JSW<br><br>**NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JUNE 20, 2008 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall each have 15 minutes to address the following questions:

1. Proposed intervenor Cincom iOutsource, Inc. ("Debtor") asserts that it seeks to intervene as a defendant in this matter.
    a. Does the Debtor seek to intervene as a defendant in the action filed by plaintiff Universal Equipment Leasing Company, LLC ("UEL") against defendant and third party plaintiff Fifth Third Leasing Company ("FTLC"), or does the Debtor seek to intervene in the third-party complaint filed by FTLC against the Debtor's parent company Cincom Systems, Inc. ("Cincom")?
    b. Does the Debtor seek to intervene in order to assert affirmative claims against Cincom as well, or does the Debtor merely seek to intervene as a defendant?

2. If the Court grants the Debtor's motion to intervene, do the parties dispute whether the Court has the authority to stay this action *sua sponte*?

3. If the Court grants the Debtor's motion to intervene but does not stay this action *sua sponte*, by when will the Debtor file a motion to stay this action?

4. How does UEL's claim against FTLC, considered separately from FTLC's third-party complaint against Cincom, affect the Debtor's estate?

5. Assuming that Cincom is the alter ego of the Debtor, does UEL dispute that FTLC's third-party complaint against Cincom may deplete the Debtor's estate? If so, on what authority does UEL rely?

6. What are FTLC's, Cincom's and the Debtor's respective positions as to whether this Court has discretion to sever the third-party complaint from UEL's claim against FLTC and if so, whether the Court should exercise such discretion to sever this matter?

7. Do the parties have anything further they wish to address?

Dated: June 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2